Stewart, J.
The majority of the Court of Appeals based its decision upon the case of Zangerle, Aud., v. Court of Common Pleas, 141 Ohio St., 70, 46 N. E. (2d), 865, the syllabus of which reads as follows:
‘ ‘ 1. The primary and paramount purpose of a courthouse, as its name implies, is to furnish the rooms and facilities essential for the proper and efficient per-' formance of the functions of the court.
“2. Courts of general jurisdiction, whether named in the Constitution or established pursuant to the provisions thereof, possess all powers necessary to secure and safeguard the free and untrammeled exercise of their judicial functions and can not be directed, controlled or impeded therein by other branches of the government.
“3. Such courts may pass upon the suitability and sufficiency of quarters and facilities for their occupation and use, and may exercise control over the courthouse to the extent required to assure the provision, *153 equipment and maintenance in the courthouse of rooms and facilities essential for their proper and efficient operation. ’ ’
In the majority opinion, the Court of Appeals held that the Probate Court is a court of general jurisdiction, that the law as indicated in the syllabus of the Zangerle case applies to it, that the necessity of the facilities prayed for by relator does not constitute a question of fact, and that, therefore, testimony adduced in reference thereto was irrelevant and immaterial.
The court held further that, since an abuse of discretion is not an issue in the case, it had no alternative except to issue a peremptory writ of mandamus requiring respondent to do all the things prayed for in the amended petition.
The dissenting judge was of the opinion that the Probate Court is not a court of general jurisdiction but one of limited jurisdiction; that in Section 2101.01, Revised Code, it is provided that a Probate Court is established for each county and shall be held at the county seat in an office supplied by the Board of County Commissioners; that from this section it is clear that the Board of County Commissioners is not required to furnish an office in the courthouse; and that, as a result, the Zangerle case has no application to a Probate Court.
We are of the opinion that the Probate Court is a court of general jurisdiction. Assuredly, it has full authority and power to deal with all the subjects entrusted to it, whether that dealing involves legal or equitable jurisdiction. It is a court established by the Constitution, and, if it can be said to be a court of limited jurisdiction, that same postulate can be made with reference to any of the courts of the state. Each of them has only such jurisdiction and power as the Constitution and the laws enacted thereunder give to it, *154 and, therefore, we are of the opinion that the Zangerle case applies to the Probate Court where that court is located in the courthouse.
It will be noted that in the third paragraph of the syllabus of the Zangerle case the words, “in the courthouse,” are italicized. However, we are presented with another question.
The Zangerle case was distinguished by this court in the case of In re Rooms and Facilities of the Common Pleas Court of Marion County, 162 Ohio St., 345, 123 N. E. (2d), 521.
In the Marion County case the syllabus reads as follows :
“In view of the provisions of the Ohio statutes, the Common Pleas Court has no power to order the county commissioners to provide an elevator and a shaft therefor in its courthouse even where it has determined that, such elevator is essential to the efficient performance of the functions of that court. (Zangerle, Aud., v. Court of Common Pleas, 141 Ohio St., 70, distinguished.) ”
The Zangerle case reviews the statutes which give the county commissioners the authority to provide a courthouse, the equipment, stationery and postage for use therein, and such facilities as will result in the expeditious and economical operation of the county offices.
The Marion County case points out that, although the second paragraph of the syllabus in the Zangerle case is very broad in its language, it must be confined to the facts in that case, and that the court there had no power to order the county commissioners to make permanent or capital improvements in a courthouse.
Assuredly, a court of general jurisdiction has great inherent power to'acquire and control the ordinary facilities which are essential to secure and safeguard the free and untrammeled exercise of its functions. How *155 ever, that inherent power can not be exercised except for the. acquisition of necessary as distinguished from desirable quarters and space.
It must be noted that in the Zangerle ease the court was not proceeding against the county commissioners but was defending in an action brought by the County Auditor against it, in which the auditor attempted to prohibit the court from taking certain space from him. From aught that appears in the opinion, no question was raised as to the necessity for the court to have the additional space, and, since the spatial and other requirements of the court must' be paramount in a courthouse, the auditor’s action was dismissed.
In the present case, the court is not only attempting to secure the space which had been assigned to the County Becorder, but is attempting to compel the respondent to do construction work in reference to the new space, including the installation of an acoustical ceiling. It may be arguable that this latter installation may be governed by the decision in the Marion County case.
Many ridiculous results would ensue if the inherent power of the court was not confined to the acquisition of the space and facilities essential for its proper and efficient operation. In fact, that is the very language of the third paragraph of the syllabus in the Zangerle case. Therefore, the reasonable necessity for additional space, where a court demands space occupied by other branches of government, is a question of fact.
The legislative, executive and judicial branches of government are separate and distinct and neither may impinge upon the rights or authority of the others. They are all of equal importance, and each in exercising its prerogatives and authority must have regard for the prerogatives and authority of the others. Therefore, where a court demands additional space in the courthouse, it is relevant and material to inquire *156 whether the additional space is essential for the proper and efficient operation of the conrt, and, where a conrt is passing upon such demands of another court, evidence concerning the necessity of increased space and facilities for the demanding court should be received, and it would be error to exclude it. Any other rule would result in chaos.
Two courts of general jurisdiction might each demand the same additional space, and, unless the question of the necessity for the space were one of fact, it would be impossible to resolve such conflicting demands.
It is maintained in the present case, however, that the question of evidence is not before us because there is no bill of exceptions, and, in fact, relator has filed a motion for an affirmance of the judgment of the Court of Appeals upon that ground and upon the ground that the' record is insufficient to present a question which this court may consider. That motion raises a somewhat close question, but we find in the journal entry of the Court of Appeals that certain testimony was adduced subject to a reserved ruling as to its competency, and that the testimony adduced was held irrelevant and immaterial because the necessity for the facilities is not a question of fact: It may be inferred that, since that was the only reason given by the Court of Appeals for the rejection of the proffered testimony, such testimony would be relevant and material were the question of the necessity of the facilities one of fact.
We conclude, therefore, that under the record in this case we are justified in holding that the Court of Appeals was in error in rejecting any testimony with reference to the necessity for the additional space and facilities demanded by the Probate Court. For the reasons given, the judgment of the Court of Appeals is reversed and the cause remanded to that court for *157 the taking of testimony as to the reasonable necessity for the additional space and facilities demanded by the Probate Court.

Judgment reversed.

■ Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Taet, JJ., concur.